IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**VANCE LAMONT HALE,**

        **Petitioner,**

**v.**                                  **Civil Action No.: 3:23-CV-26**
                                             **(GROH)**

**H. RAY,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On February 9, 2023, Petitioner, a federal inmate, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary procedure. ECF No. 1.[1] Petitioner paid the filing fee on March 1, 2023. ECF No. 8.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

### II.   FACTUAL AND PROCEDURAL HISTORY

The Petitioner raises four grounds for relief, that: (1) he lost 27 days of Good Conduct Time (GTC) based on a disciplinary hearing proceeding for Incident Report

---

[1] All ECF numbers cited herein are from the instant case, 3:23-CV-26, unless otherwise noted.

3635212, even though the Disciplinary Hearing Officer (DHO) advised him that he would not receive such a loss of GTC [ECF No. 1 at 5]; (2) he was actually innocent of the disciplinary charge, but was denied appellate relief because his appeals were untimely [Id. at 6 – 7]; (3) he suffered significant hardship when contesting the disciplinary charge and appeal while in the Special Housing Unit [Id.]; and (4) he was improperly denied an appeal because of the untimeliness of his filings [Id. at 6 – 7]. For relief, Petitioner requests that he be found actually innocent of the disciplinary charge, that the disciplinary charge be overturned and dismissed, that his 27 days of Good Conduct Time be restored, and that the five-point enhancement for violence be removed. Id. at 8. Petitioner's memorandum of law addresses the same issues raised in his petition. ECF No. 1-1.

Petitioner attached as exhibits copies of records related to Incident Number 3635212, which was assigned Administrative Remedy ID number 1141742, and copies of the Incident Report and DHO hearing report for Incident Number 3635212. ECF Nos. 1-2, 1-3. The incident complained of was alleged to have occurred on May 31, 2022. ECF No. 1-2 at 7.

Respondent filed a motion to dismiss the petition as moot, along with a memorandum and exhibits in support thereof on April 13, 2023. ECF Nos. 12, 13, 13-1, 13-2. Therein, Respondent argues that there no longer exists a case or controversy because the Petitioner was ultimately found not guilty of the complained-of conduct, Petitioner's disciplinary record was expunged of the incident, and as a result Petitioner has already received the relief sought. ECF No. 13. Respondent's exhibits are:

> (1)  a declaration from a paralegal at the Mid-Atlantic Regional Office of the Federal Bureau of Prisons (Bureau), who stated that, "DHO Report 3635212 has been expunged and no longer appears on Petitioner's Inmate Discipline Data.

>As such, Petitioner's Good Conduct Time has been restored and any enhancement for his violence has been removed relevant to DHO Report 3635212" [ECF No. 13-1]; and
>
>(2) a copy of "Inmate Discipline Data; Chronological Disciplinary Record" for Petitioner dated April 10, 2023, [ECF No. 13-2] which lists only two incident reports:
>
>>(a) Incident number 3487403, for conduct which occurred on March 25, 2021; and
>>
>>(b) Incident number 3450022, for conduct which occurred on November 14, 2020.

Incident number 3635212 does not appear on Petitioner's Inmate Discipline Data: Chronological Disciplinary Record. ECF No. 13-2. Respondent argues that the petition is moot, citing to Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002), where the Court held that a federal inmate's habeas action becomes moot where he actually receives the relief he is seeking.

An Order and Roseboro notice was entered on April 17, 2023, which advised Petitioner of his rights and obligations to file a response to the motion to dismiss or for summary judgment. ECF No. 14.

On April 27, 2023, Petitioner filed a response in opposition to the motion to dismiss. ECF No. 18. Therein, Petitioner reiterated the arguments made in his petitioner and memorandum. Id.[2] Petitioner did not address the merits of Respondent's motion to dismiss, including whether he has already received the relief sought in the petition. Id.

Respondent filed a reply on May 1, 2023, which asserted that the Petitioner "simply

---

[2] In his Response [ECF No. 16], Petitioner relies on the petition, memorandum, and exhibits he initially filed. However, he summarizes his claims as follows: (1) being found guilty of the infraction resulted in the loss of Good Conduct Time; (2) his custody level was increased as a result of the seriousness of the infraction, but should be lowered by 7 points; (3) his Eighth Amendment rights were violated when he was placed in segregated housing; and (4) being falsely accused of "assault on staff" which raised his recidivism level and as a result, he was not allowed to receive First Step Act law benefits. ECF No. 16 at 2.

3

reiterates that he has a claim as articulated in his petition," and Respondent accordingly "reiterates his mootness arguments as outlined in his motion to dismiss." ECF No. 18.

### III. LEGAL STANDARDS

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

4

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV. ANALYSIS

It appears to the Court that when substantively considered, Petitioner's claim is without merit. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969).

Petitioner contends that his due process rights were violated during the prison disciplinary process, including the DHO proceedings, as a result of which he lost 27 days of Good Conduct Time, and assessed a five-point enhancement based on this conviction for an act of violence. ECF No. 1 at 5 – 8. However, in the petition, the Petitioner concedes that he was not found guilty of the original charge. Id. at 5.

In the present case, the Court finds that habeas corpus relief is unwarranted because Petitioner has already received the relief sought in the petition. Petitioner seeks dismissal of the incident report, reinstatement of his 27 days of Good Conduct Time, and removal of the five-point enhancement for an act of violence. ECF Nos. 1 at 8, 1-1 at 7. Respondent's exhibits demonstrate that Petitioner has already received the sought-after relief, and further, that Incident Report 3635212 was completely expunged from Petitioner's record. ECF Nos. 13-1, 13-2.

This Court finds that based on the Petitioner's prior receipt of the relief sought, including expungement of the Incident Report about which he complains, makes this matter moot, as there is no live issue for the undersigned to consider. Therefore, the undersigned finds that the Petition should be denied as moot.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 11] be **DENIED.** It is further **RECOMMENDED** that Respondent's Motion to Dismiss as Moot [ECF No. 12] be **GRANTED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE as MOOT** because Petitioner has already received the relief sought.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:**     August 29, 2023

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE